```
UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE
_____X
In Re                                          CHAPTER 11

WASHINGTON MUTUAL, INC., et al,               CASE NO.: 08-12229

_____X
NADIA YOUKELSONE,                              ADVERSARY
                    Plaintiff                  PROCEEDING

---against---                                  COMPLAINT

WASHINGTON MUTUAL, INC., et al
                    Defendant
_____X
```

Plaintiff, NADIA YOUKELSONE, complaining of the defendants, as and for the verified complaint alleges the following:

1. The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. 157(a), (b1), (b)(2)(I)(core proceeding), 1334(b) and 11 U.S.C. 523.

2. On September 26, 2008, the Defendant filed a Chapter 11 proceeding, commencing the above case.

3. The Defendants are a holder of the failed bank, WASHINGTON MUTUAL BANK, hereinafter referred as "BANK".

4. The Defendant WASHINGTON MUTUAL, INC., hereinafter mentioned as "WAMU" is a parent corporation of the BANK overseeing, managing, controlling and supervising all operations of the BANK.

5. The Defendant's failed BANK owned and/or serviced the mortgage account # 8004562115 on the Plaintiff's two family dwelling, located at 2644 East 18th Street, Brooklyn, New York 11235.

6. The Defendant's failed BANK acquired the note and mortgage in June, 2001.

7. In September, 2001 Federal National Mortgage Association commenced a foreclosure action against the Plaintiff's property, claiming that it has an assignment from the Defendants' failed BANK.

8. At the time of commencement of the foreclosure action a fair market value on the premises far exceeded the amount of the note, which was approximately $153,000.00.

9. Plaintiff's equitable interest in the property was over than $600,000.00.

10. Throughout the foreclosure action and related litigation, FNMA and WAMU continuously rejected Plaintiff's plea to allow her to sell the premises through a private sale.

11. The plaintiff was forced to file a Chapter 13 Bankruptcy to avoid a sale of the premises on the public auction.

12. The premises subject to the foreclosure action was Plaintiff's only place of Residence, as well as it was income-producing dwelling.

13. Throughout the chapter 13 bankruptcy petition, the Defendants have engaged in the continuous scheme with intend to deprive Plaintiff of her property by unjustifiably rejecting and/or misapplying the Plaintiff's payments towards the mortgage.

14. Throughout the chapter 13 bankruptcy petition, the Defendants have engaged in the continuous scheme, by misrepresenting to the court that the Plaintiff is in arrears, by filing the petitions and affidavits wherein falsely claiming that the Plaintiff is on default and by continuing action with intend to "end-run" around the mortgage

contract.

15. Throughout the chapter 13 petition, the defendants have engaged into the scheme to misappropriate the equity interest in the Plaintiff's dwelling, and to deprive the Plaintiff of the benefit of the Bankruptcy Code by misrepresenting to the Bankruptcy Court that the Plaintiff is not paying for the mortgage.

16. The plaintiff believes and therefore avers that the Defendants intentionally manipulated its payment system in order to falsely represent to the court that the plaintiff is in default.

17. The defendants had influenced the bankruptcy court to dismiss the action by making the false statements and accusations against the plaintiff.

18. As a result, Plaintiff's plan was not approved and bankruptcy petition was dismissed in December, 2003.

19. In the beginning of 2004, the Defendants made an offer to cure the default on the mortgage as an alternative to a foreclosure sale.

20. On February 5, 2004 the Plaintiff entered into a workout plan with the Defendants.

21. Plaintiff provided all of the required documents and information to the Defendants.

22. Defendants did not respond and made no determination of Plaintiff's application to cure the default.

23. Nevertheless, the Defendants moved to foreclose Plaintiff's premises and scheduled a foreclosure sale on February 26, 2004.

24. On or about February 19, 2004 Plaintiff executed and delivered a

copy of written contract to Defendants and obtained Defendants' express permission to sell her property privately to a third party.

25. Defendants formally consented and gave permission to the Plaintiff to proceed with the transfer thereto, and stayed the foreclosure sale set for February 26, 2004.

26. The agreement of sale provided for a purchase price of $600,000.00.

27. Plaintiff feared of losing the premises in foreclosure and had to agree to sell the property for far less than its market value at the time of execution of sales contract.

28. Due to the fact that the property was under the foreclosure, time for closing was to be of the essence.

29. On June 21, 2004 Plaintiff placed Defendants on formal notice that she is ready to close the real estate transaction, and requested a payoff statement from the defendants.

30. Defendants failed to respond and failed to provide the required payoff statement to Plaintiff.

31. On June 29, 2004 Plaintiff requested the payoff statement and closing papers once again.

32. On June 30, 2004 instead of the required closing papers, Defendants sent a letter to Plaintiff, in which Defendants demanded the all sums due on the note to be paid immediately.

33. The plaintiff requested the payoff statement from the defendants at least five (5) times thereafter but Defendants failed to deliver requested documents consistently.

34. Instead, on October 22, 2004 the defendants filed its application to

foreclose Plaintiff's property on the auction scheduled by Defendants for November 18, 2004.

35. Defendants ignored Plaintiff's requests to stop the foreclosure sale, to allow the plaintiff to complete the sale of the premises and to send the requisite closing papers Plaintiff.

36. Defendants had no legitimate need in moving for foreclosure sale. Defendants' interest was ensured by the proceeds of the sale.

37. Only on October 24, 2004, Defendants finally provided Plaintiff with the payoff statement, delaying the transfer of the property for about six months.

38. The payoff statement, finally provided by Defendants, included the finance charges for additional six months of delay of the sale caused by the defendants, attorneys fees for foreclosure application, fees for request of judicial intervention, PMI charges, late fees, and numerous other improper charges caused to occur due to the Defendants' consistent failure to adhere to proper rules and regulation.

39. On November 11, 2004 when the plaintiff transferred the title, had every reason to fear that the failure to pay the imposed fees would result in the refusal on the part of the defendants to deliver appropriate closing papers thereby precluding the plaintiff from delivering title to the premises and subjecting them not only to claims by the purchaser of the subject premises but additionally the plaintiff also feared to lose her house in the foreclosure sale.

40. Defendants were not entitled to be paid the improper fees, excessive finance interest, overcharged fees, and late fees.

41. Between the period of the first request of the payoff statement and the

defendants' providing of the same, the prices of the housing has increased considerably, causing Plaintiff to suffer even greater loss and additional monetary damages in losing of the proceeds of the sale.

42. Defendants' unreasonable delay in furnishing required closing documents caused to eliminate Plaintiff's ability to purchase a new home in nature or at least in decent condition.

43. Defendants' acts as herein above set forth are calculated, intentional, egregious, extreme and outrageous in nature.

## AS AND FOR FIRST CAUSE OF ACTION
## ABUSE OF PROCESS

44. Plaintiff repeats and realleges the allegation contained in the preceding paragraphs of this complaint and incorporates such paragraphs by reference.

45. Defendants used otherwise legal devises in various Courts of the United States to accomplish the results that could not be achieved by the proper and successful use of process.

46. Defendants' acts were and continues to remain intentional and predatory in nature.

47. As a result of Defendants' abuse of process Plaintiff suffered a severe and irreparable damages.

## AS AND FOR SECOND CAUSE OF ACTION
## BREACH OF CONTRACT AND IMPLIED WARRANTIES

48. Plaintiff repeats and realleges the allegation contained in the preceding paragraphs of this complaint and incorporates such paragraphs by reference.

49. Defendants have charged interest and fees not provided for in its loan agreement with Plaintiff.

50. Defendants' actions in charging and collecting interests and other fees constitute a breach of the contract and implies warranties of the contract.

51. As a result of the defendants' conduct in billing and collecting contractually impermissible interest rates and interest amount from Plaintiff, Plaintiff has suffered damages and is entitled to recover monetary damages from Defendants.

## AS AND FOR THIRD CAUSE OF ACTION
## UNJUST ENRICHMENT

52. Plaintiff repeats and realleges the allegation contained in the preceding paragraphs of this complaint and incorporates such paragraphs by reference.

53. As a result of Defendants' wrongful activities as described above, including unreasonable delay in delivery of the closing documents, rejecting and misapplying Plaintiff's payments, collecting improper fees and excessive interests, Defendants have earned illegal profits and unjustly enriched themselves at the expense of Plaintiff.

54. As a result of Defendants' retention of interest and other monies rightfully belonging to the Plaintiff, Defendants must account to the Plaintiff for such unjust enrichment and disgorge its unlawfully held monies and profits.

55. An inequity will result if Defendants is not required to pay back the overpayment and misappropriated monies belonging to the Plaintiff.

56. By the reason of the foregoing, Plaintiff have suffered monetary damages.

## AS AND FOR FOURTH CAUSE OF ACTION
## CONSEQUANTIAL DAMAGES

57. Plaintiff repeats and realleges the allegation contained in the preceding paragraphs of this complaint and incorporates such paragraphs by reference.

58. As a result of Defendants' wrongful activities as described above, including Defendants' continuous intentional abuse of process, improper application of the payments, unreasonable delays in processing of closing documents, Plaintiff lost her residential house and future income.

59. As a result of the wrongful activities described above and in paragraph 58, Plaintiff lost the fair proceeds of the sale of her residential house.

60. As a result of the wrongful activities described above and in paragraph 58, Plaintiff was not able to secure a contract to purchase a new home and to obtain proper housing.

61. By the reason of the foregoing, Plaintiff has suffered severe damages.

## AS AND FOR FIFTH CAUSE OF ACTION
## BAD FAITH

62. Plaintiff repeats and realleges the allegation contained in the preceding paragraphs of this complaint and incorporates such paragraphs by reference.

63. Defendants' actions such as abuse of legal process, misapplication of payments, delaying to process closing documents, knowingly and intentionally collecting improper and unfounded fees and interests, willfully and knowingly interfering with the bona-fide contract of sale, intentionally and willingly causing Plaintiff to suffer of losses in sales proceeds and making it impossible for Plaintiff to obtain a proper replacement home, posing the threat upon the Plaintiff of losing her house in foreclosure action, and causing to deprive the Plaintiff of her residential house, all of the foregoing constitute Bad Faith of the Defendants.

64. Defendants' actions lack honesty in fact and lack any observance of

reasonable commercial standards of fair dealing.

65. As a result of the foregoing, Plaintiff has suffered damages and Defendants should be subjected to the punitive damages to be determined by the Court.

### AS AND FOR SIXTH CAUSE OF ACTION
### VIOLATION OF NEW YORK RPAPL 1921(4)

66. Plaintiff repeats and realleges the allegation contained in the preceding paragraphs of this complaint and incorporates such paragraphs by reference.

67. The Defendants' deliberate and willful dilatoriness in providing the payoff statement and other closing papers constitute the violation of NY RPAPL, Section 1921(4).

68. As a result of the Defendants' violation of the above statute, the Plaintiff has suffered damages.

### AS AND FOR SEVENTH CAUSE OF ACTION
### VIOLATION OF TILA, 15 USC, SECTION 1639, SUBSECT. 129

69. Plaintiff repeats and realleges the allegation contained in the preceding paragraphs of this complaint and incorporates such paragraphs by reference.

70. The Defendants' deliberate and willful dilatoriness in providing the closing documents constitute the violation of TILA, 15 USC 1639.

71. The statute herein in pertinent part states that "…prompt delivery payoff balance shall be provided within reasonable time but in any even no more than 10 business days after receiving a written request by a consumer or a person authorized by the consumer to obtain information."

72. As a result of the Defendants' violation of the above statute, the Plaintiff has suffered damages.

## AS AND FOR EIGHTH CAUSE OF ACTION
## MISREPRESENTAION, FRAUD AND DECEIT

73. Plaintiff repeats and realleges the allegation contained in the preceding paragraphs of this complaint and incorporates such paragraphs by reference.

74. Defendants engaged in fraudulent acts and misrepresentation by failing to properly disclose the amount due on the loan.

75. Defendants engaged in fraudulent acts and misrepresentation by filing falsified information and documents in the various Courts of the United States, including District Court of Eastern District of New York, Bankruptcy Court of Eastern District of New York, New York State Courts, as well as providing falsified information to the credit bureaus.

76. Defendants' acts were and remain to be willful and with intend to deceive the Plaintiff, governmental agencies and institutions.

77. As a result of Defendants' unlawful, deceptive, predatory and unfair acts and practices, Plaintiff has suffered severe injuries.

## AS AND FOR NINTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL HARM

78. Plaintiff repeats and realleges the allegation contained in the preceding paragraphs of this complaint and incorporates such paragraphs by reference.

79. Defendants' acts described above are extreme and outrageous in nature.

80. Defendants' acts are willful, deliberate and malicious.

81. Defendants' acts so transcending the bounds of decency as to be intolerable in a civilized society.

82. Defendants' continuous and repeated acts are illegal and tortuous in nature.

83. Defendants' acts were directed to the Plaintiff to cause severe emotional and financial damages to Plaintiff.

84. As a result of the forgoing the Plaintiff has suffered severe and irreparable damages to her person and to her financial affairs.

WHEREFORE, Plaintiff prays this Honorable Court for a nondischargeable judgment against the Defendants as follows:

1. Finding that Defendants violated the provisions of NY RPAPL, Section 1921(4), 15 USC 1639, subsect. 129 of Truth in Landing Act, and that Defendants subjected to penalties enumerated in the acts described therein;

2. Finding that Defendants unjustly enriched;

3. Finding that Defendants wrongfully had and received monies;

4. Finding that Defendants converted monies belonging to Plaintiff;

5. Awarding the Plaintiff actual, consequential and punitive damages against the Defendants in sum to be determined by this Honorable Court;

6. Awarding the Plaintiff reasonable attorneys fees, costs and expenses of this action;

7. Awarding the Plaintiff such other and further relief as the Court may deem just and proper.

Dated: January 21, 2009  
      Selden, New York

"s" Nadia Youkelsone  
_____  
NADIA YOUKELSONE  
PLAINTIFF  
39 ONEIDA AVENUE  
SELDEN, NEW YORK  
631-696-4254